UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>LUIZ HERNANDEZ,<br><br>                    Defendant. | 16-CV-7108 (LAP<br><br>09-CR-625(LAP)<br><br>ORDER |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

   Before the Court is Defendant Luis Hernandez's motion to vacate, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1] The Government opposed the motion, (see dkt. no. 341), and Mr. Hernandez replied, (see dkt. no. 342).  For the reasons set forth below, Mr. Hernandez's motion is DENIED.

**I. Background**

   The Court assumes the parties' familiarity with the facts of the case, and it will summarize only the facts relevant to the instant motion here.

   Mr. Hernandez was first indicted in 2007--under his alias "Juan Ramon Mendez Gonzalez"--for conspiracy and unlawful possession of misappropriated identification documents.  (See dkt. no. 12 in 07-CR-1192.)  Mr. Hernandez pleaded guilty to

---

[1] (See dkt. no. 1 in 16-CV-7108; dkt. no. 337 in 09-CR-625.) Unless otherwise specified, all citations to the docket in this order are to criminal docket number 09-CR-625.

1

Count Two of that indictment (i.e., the unlawful possession charge). (See dkt. no. 35 in 09-CR-1192.) The conspiracy count was dismissed by Judge Alvin K. Hellerstein, and Mr. Hernandez was sentenced to 21 months imprisonment. (See id.)

While serving that sentence, the instant indictment charged Mr. Hernandez with a tax-fraud conspiracy, a wire-fraud conspiracy, a conspiracy to commit fraud in connection with the use of identification documents, and aggravated identity theft. (See dkt. no. 2.) Mr. Hernandez subsequently moved to dismiss that indictment on Double Jeopardy grounds, which Judge Harold Baer denied, noting that Mr. Hernandez had not been placed in jeopardy because his 2007 conviction was based solely on the unlawful possession of fraudulent documents charge and the conspiracy count was dismissed. (See dkt. no. 84 in at 20-21.)

Mr. Hernandez entered into a plea agreement in the instant case. (See dkt. no. 341 at 33-40 (Attachment B).) The parties agreed upon a Guidelines range of 84-105 months in accordance with Mr. Hernandez's total offense level of 25 and criminal history category of IV. (Id. at 35-36.) As part of the plea agreement, Mr. Hernandez waived his right to appeal or collaterally challenge any within-or-below-Guidelines sentence, but he reserved the right to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. (Id. at 38.) Mr. Hernandez pleaded

2


guilty to Count One of the instant indictment on August 11, 2015. (Dkt. no. 321.)

On November 1, 2015--after Mr. Hernandez's plea but before his sentencing--amendments to the Sentencing Guidelines took effect. (See dkt. no. 324 at 24.) The Government, defense, and the Probation Office all agreed that the amendments applied in this case, that Defendant's offense level should be lowered to 23, and the stipulated sentencing range should be 70-87 months. (See id. at 25.) The Court agreed that the amendments applied to Defendant's case. (See dkt. no. 332 at 2:21-34.) Based on the new applicable Guidelines range, the Court accepted the recommendation of the Probation Office that Defendant be sentenced to 72 months imprisonment. (See id. at 18:22-24.) The Court also gave Defendant credit for the 21 months imprisonment that he had served. (See id. at 18:24-19:6.) Accordingly, the Court sentenced Mr. Hernandez to 51 months imprisonment. (See dkt. no. 330 at 2.)

Defendant filed the instant motion on September 9, 2016, challenging both his conviction and sentence. (See dkt. no. 1 in 16-CV-7108; dkt. no. 337.) On November 11, 2016, the Government filed its opposition. (Dkt. no. 341.) Mr. Hernandez filed a reply on November 29, 2016. (Dkt. no. 5 in 16-CV-7108; dkt. no. 342.)

**II. Discussion**

Mr. Hernandez makes several arguments in support of the motion to vacate or correct his sentence. (See dkt. no. 1 in 16-CV-7108; dkt. no. 337.) First, he asserts that the Court erred in calculating the Sentencing Guidelines range, resulting in his serving a substantially longer sentence than he otherwise would have. (See id.) Next, he claims that his attorney, John N. Iannuzzi, was ineffective because he failed to object to this error. (See id.) Finally, Mr. Hernandez further asserts that the instant prosecution is barred on Double Jeopardy grounds. (See id.) Mr. Hernandez's arguments are meritless.

First, Mr. Hernandez suggests that the Court incorrectly calculated the Guidelines range by failing to apply the November 1, 2015 amendments to the Guidelines. (See dkt. no. 1 in 16-CV-7108 at 2; dkt. no. 337 at 2.) That challenge to his 51-month sentence is barred by Mr. Hernandez's plea agreement, which included a waiver of any right to challenge collaterally a sentence below the stipulated 84-to-105 month Guidelines range. (See dkt. no. 341 at 38 (Attachment B).) "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). "Any alleged procedural error in the Guidelines calculation is insufficient to undo an appellate waiver where, as here, the

4

sentence imposed comes within the range contemplated by the waiver." United States v. Rodriguez, 782 F. App'x 51, 53 (2d Cir. 2009) (summary order) (citing United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)). Mr. Hernandez entered the plea knowingly and voluntarily as the Court employed the colloquy required by Rule 11(c) of the Federal Rules of Criminal Procedure. (See dkt. no. 321 at 2:16-15:6.) Therefore, the waiver is enforceable and bars Mr. Hernandez's challenge.

Even if Mr. Hernandez's claim was not barred by his collateral review waiver, he would still not be entitled to relief because the Court did not err in calculating the applicable Guidelines range.

Indeed, the record shows that the Court agreed with both parties and the Probation Office that the November 1, 2015 amendments to the Sentencing Guidelines were applicable, and thus Mr. Hernandez's offense level was 23 with a sentencing range of 70-87 months imprisonment. (See dkt. no. 332 at 2:21-24.) In essence, Defendant is requesting that the Court utilize the exact same sentencing range and offense level that it in fact applied at sentencing. In other words, Mr. Hernandez has already received the relief he now seeks. He is entitled to nothing further.

Next, Mr. Hernandez suggests that his counsel failed to raise an objection to the miscalculated sentencing range and was

5

thus ineffective. (See dkt. no. 1 in 16-CV-7108 at 4; dkt. no. 337 at 4.) Unlike his previous contention, that argument is not barred by Mr. Hernandez's plea agreement. (See dkt. no. 341 at 38 (Attachment B).) Nevertheless, this claim fails for the same reasons as the last one: The Court applied the correct Guidelines range at sentencing. Thus, Mr. Iannuzzi was not ineffective because there was no basis for counsel to have objected to the sentence. In order to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1994). As described above, Mr. Hernandez has failed to satisfy either prong of the two-part test.

Mr. Hernandez's third claim is that the instant prosecution was barred on Double Jeopardy grounds. (See dkt. no. 1 in 16-CV-7108 at 6; dkt. no. 337 at 6.) Defendant's Double Jeopardy claim was previously raised in his case before Judge Harold Baer in 2009, which Judge Baer denied. (See dkt. no. 84. at 5-12.) Judge Baer explained that the dismissal of the conspiracy charge from the 2007 indictment did not place Hernandez in jeopardy because the pretrial dismissal did not resolve the factual element of the case. (See id. at 6-7.) Judge Baer further explained that although jeopardy did attach for the unlawful possession of fraudulent identification charge, that charge was

6

not the "same offense" as the 2009 conspiracy charge. (See id. at 7-9.) Therefore, Mr. Hernandez was not entitled to relief. (See id. at 20-21.) After reviewing Judge Baer's analysis and relevant precedent, the Court finds that the Defendant's Double Jeopardy claim is without merit for essentially the same reasons as articulated by Judge Baer. (See id. at 5-12.) Therefore, the Court will not disturb Mr. Hernandez's conviction on that basis.

### III. Conclusion

For the foregoing reasons, Mr. Hernandez's § 2255 motion [dkt. no. 1 in 16-CV-7108; dkt. no. 337] is DENIED. Because Mr. Hernandez has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). The Court certifies that any appeal from this Order would not be taken in good faith. See id. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to (1) mark action number 16-CV-7108 closed and deny all pending motions as moot, and (2) mail a copy of this order to Mr. Hernandez.

**SO ORDERED.**

Dated:   September 15, 2021
         New York, New York

_____
LORETTA A. PRESKA
Senior U.S. District Judge